IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CINCINNATI INSURANCE COMPANY, )
)
    Plaintiffs, )
)
v. ) CIVIL ACTION NO. 11-00022-KD-N
)
STEPHEN EMMONS, )
)
    Defendant. )

REPORT AND RECOMMENDATION

This action is before the Court on a motion (docs. 4-5) filed by the defendant, Stephen Emmons, to dismiss this declaratory judgment action on the grounds that the Court lacked subject matter jurisdiction. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B). Upon consideration of the motion, plaintiff's response in opposition thereto (doc. 6), Emmons' reply (doc. 11), and all other pertinent portions of the record, it is recommended that the motion be **denied**.

I.    Factual and Procedural Background

The plaintiff, Cincinnati Insurance Company ("Cincinnati Insurance"), filed this declaratory judgment action (doc. 1) on January 11, 2011. The plaintiff brought this action seeking a declaration that it has no obligation or duty to pay or provide coverage under such policy in connection with a motor vehicle accident the defendant was involved in on March 15, 2010.

On March 2, 2011, Emmons filed the present motion to dismiss contending that Cincinnati Insurance had failed to establish that the amount in controversy exceeds $75,000. Plaintiff's response in opposition (doc. 6) was filed less than two hours later

and therein argues that the amount in controversy is clearly established because a demand was made by defendant's counsel in a letter dated October 13, 2010, that Cincinnati Insurance "tender an offer of your insured's policy limits to settle Mr. Emmons' claims within thirty (30) days of the date of this letter" and the undisputed fact that those limits for uninsured motorist coverage are $100,000.  *See*, Exhibit A to the Complaint (Doc. 1); Exhibit A to Opposition Brief (Doc. 6).

In his reply (doc. 11) filed on March 11, 2011, Emmons essentially argues that his counsel "had no knowledge of the [policy] limits" at the time he demanded that amount on October 13, 2010, and "it is common for attorneys representing injured parties in insurance claims to demand policy limits" to settle the claim.  This matter was taken under submission upon receipt of Emmons' reply.

II.  Standard of Review.

"[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56'." Turcios v. Delicias Hispanas Corp., 275 Fed.Appx. 879, 880 (11th Cir. 2008), *quoting* Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (*quoting* Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  "Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually." Spring Air International, LLC v. R.T.G. Furniture Corp., 2010 WL 4117627, *1 (M.D. Fla. Oct. 19, 2010), *quoting* Morrison , 323 F.3d at 925 n. 5.  With respect to a facial challenge, the allegations in the complaint are assumed to be true by the Court, which then must determine whether the complaint sufficiently alleges a basis for subject matter

jurisdiction. *Id.*, *citing* Lawrence, 919 F.2d at 1529. In contrast to a facial challenge, a factual attack challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* at *2, *quoting* Lawrence, 919 F.2d at 1529.[1]

In other words, "when a Rule 12(b)(1) motion constitutes a factual attack on subject matter jurisdiction, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue'." Turcios, 275 Fed.Appx. at 880, (*quoting* Lawrence, 919 F.2d at 1529). The Eleventh Circuit has made it clear, however, that:

> [T]he district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.' If a jurisdictional challenge does implicate the merits of the underlying claim then: '[T]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case'."

Turcios, 275 Fed.Appx. at 880, *quoting* Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir.1997). "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction

---

[1] *See also* Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 n. 9 (11th Cir. 1982)(Distinguishing facial and factual attacks on jurisdiction and concluding that a conclusive resolution of a jurisdictional challenge based on disputed facts cannot be made unless the facts are fully developed.)(*citing* Chatham Condominium Ass'ns v. Century Village, Inc., 597 F.2d 1002, 1012 (5th Cir. 1979)("Where adequate time is given to complete discovery and all the jurisdictional facts are fully developed and placed before the court during an adversary hearing, a district court may, in a clear-cut case, dismiss an antitrust suit for lack of subject matter jurisdiction [and] the preferred procedure in cases such as the present one, where the jurisdictional issue is inextricably bound up with the merits, is to defer resolution of the jurisdictional question to a consideration of the merits.").

3

of the federal court and the plaintiff's substantive claim for relief.' " *Id*. at 880, *quoting* Morrison, 323 F.3d at 926 (*quoting* Sun Valley Gasoline, Inc. v. Ernst Enters., 711 F.2d 138, 139-40 (9th Cir.1983)).

As to the substantive law,"Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states." QBE Ins. Corp. v. Dolphin Line, Inc., 2009 WL 3248016, 4 (S.D. Ala. Oct. 06, 2009); 28 U.S.C. § 1332(a)(1). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Id*., *quoting* McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). In conjunction with a declaratory judgment action[2], plaintiff's burden has been described as follows:

> "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted). A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).
>
> Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Red Cab Co., 303 U.S. at 289, 58 S.Ct. at 590. However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the

---

[2] "The operation of the Declaratory Judgment Act is procedural only." Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir.2003) (citations omitted). The party seeking relief under the Declaratory Judgment Act must allege facts establishing an independent basis for a district court's exercise of federal jurisdiction. Id.

4

> burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072-77 (11th Cir. 2000).

Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). *See also* Dairyland Ins. Co. v. Chadwick, 2008 WL 912428, *2 (M.D.Fla. 2008) (same); Clarendon America Ins. Co. v. Miami River Club, Inc., 417 F.Supp.2d 1309, 1315 (S.D. Fla. 2006) (same).

"[A] party seeking to invoke federal jurisdiction in a declaratory judgment action may satisfy its burden of proof by producing a document from the plaintiff in the underlying action which establishes the value of its federal lawsuit." QBE, 2009 WL 3248016 at * 4, *citing* State Farm Fire & Cas. Co. v. Knoblett, 561 F.Supp.2d 1256, 1258 (N.D. Ala. 2008) (*citing* Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007) ("[W]hen the amount in controversy is based on the value of a lawsuit, the party asserting federal jurisdiction must provide a document containing 'an unambiguous statement that clearly establishes federal jurisdiction' [and] the document establishing the jurisdictional amount must originate 'from the plaintiff []-be it the initial complaint or a later received paper....'."). *See also* Bradley v. Kelly Services, Inc., 224 Fed.Appx. 893, 894-95 (11th Cir. 2007),("Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount" [but] where jurisdiction is based on a claim for indeterminate damages, the ... 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.")(*quoting* Leonard

5

v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) and Federated Mut. Ins., 329 F.3d at 807).

III.     Analysis.

In the instant case, as in QBE and Knoblett, *supra,* the complaint filed by Cincinnati Insurance Company does not provide a clear statement which establishes the jurisdictional amount.  There is, however, no dispute in this action regarding the $100,000 limit in the insurance policy at issue and the fact that defendant's counsel demanded the policy limits prior to the filing of the complaint.  The burden now switches to the defendant to establish that the amount in controversy is less than $75,000. *See e.g.* Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536 (7th Cir. 2006)("Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy-such as the economic effect that compliance with the law would have had on GMAC-once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is "legal certainty" that the controversy's value is below the threshold.")  The Eleventh Circuit has also adopted the First Circuit's conclusion that "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010)*quoting* Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 51 (1st Cir.2009). *See also* McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.")

Defendant in this case presents a factual attack by challenging jurisdiction on the grounds that plaintiff has failed to prove that the amount in controversy exceeds $75,000. "[A] high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit. " Employers Mutual Casualty Co. v. Parking Towing Co., Inc., No. 07-0684-WS-B, 2007 WL 4577705, * 2 (S.D.Ala. Dec.27, 2007). However, plaintiff notes that the defendant in this case *demanded* the policy limits, which are $100,000. Defendant does not dispute either that his counsel made that demand on his behalf or that the policy limits at issue are indeed $100,000. Rather, defendant discounts the demand as not meaning what it says and also argues that, at the time the demand was made, counsel *did not know what the policy limits were.* Defendant's approach essentially focuses on the amount he can recover, which he argues should be limited at least at this stage to the only figure he has presented to the plaintiff, namely "[t]he only amount mentioned in either letter [-] $53,000.00 in connection with a discussion of the defendant's medical treatment and expenses." (Doc. 5 at 2). The law is clear, however, that jurisdiction must be based on the "amount in controversy" which is nothing less than "the amount that [defendant] put at issue in the course of the litigation [by demanding same]," namely the $100,000 limits of defendant's insurance policy. See McPhail, 529 F.3d at 956. It is irrelevant that counsel did not know the precise amount he demanded in his letter dated October 13, 2010. The defendant was a party to the insurance contract and is charged with knowledge of its contents, particularly the policy limits. Consequently, diversity jurisdiction clearly exists in this case and defendant's motion to dismiss must be denied.

7

## CONCLUSION

For the reasons stated above, it is the recommendation of the undersigned that the defendant's motion to dismiss be **DENIED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 24th day of March, 2011.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[3] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this  24th  day of March , 2011.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).